UNITED STATES of America, Plaintiff–Appellee,

v.

Richard Dee THOMPSON, Defendant–Appellant.

No. 05–51597
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 2006.

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Richard Dee Thompson, Oakdale, LA, pro se.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Richard Dee Thompson, federal prisoner # 55709–080, was convicted in 1992 of conspiracy to import in excess of five kilograms of cocaine. He appeals from the denial of a motion for resentencing in which he sought relief pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He argues that the district court erred by summarily denying his motion without issuing a written opinion.

The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir.1997). Thompson does not assert, and the record does not show, that his motion for resentencing in the district court falls under any provision of § 3582. Although the motion could be construed as a 28 U.S.C. § 2255 motion, the district court did not suggest that it was so construing the motion, and it did not provide Thompson notice. *See Castro v. United States*, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). Consequently, the motion did not arise under § 2255.

Thompson's motion was an unauthorized motion which the district court was without jurisdiction to consider. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir.1994). Although the district court did not indicate whether it denied the motion on its merits or for lack of jurisdiction, the denial of the motion is affirmed on jurisdictional grounds. *See id.*

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.